UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FRANKLIN LEE HARRIS,

      Plaintiff,

v.

CAROL HOLINKA, Warden,
MICHAEL K. NALLEY, Regional Director,
HARLEY G. LAPPIN, Director,
Federal Bureau of Prisons, and
HARRELL WATTS, Administrator
National Inmate Appeals,

      Defendants.

Civil No. 06-1006 (ADM/SRN)

**REPORT AND RECOMMENDATION**

---

    This matter is before the undersigned United States Magistrate Judge on Plaintiff's Amended "Application To Proceed Without Prepayment of Fees," (Docket No. 5), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's application to proceed IFP be denied, and that this action be summarily dismissed without prejudice.

    Plaintiff, a federal prison inmate, commenced this action by filing a complaint seeking relief under 5 U.S.C. § 552a. (Docket No. 1.) He did not pay the $250.00 filing fee required by 28 U.S.C. § 1914, but instead filed his first application seeking leave to proceed IFP. (Docket No. 2.) The Court noted, however, that (i) Plaintiff's first IFP application was incomplete because it did not include the certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff had not paid the initial partial filing

fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1). Both of Plaintiff's omissions were called to his attention by this Court's order of March 13, 2006. (Docket No. 4.) That order gave Plaintiff twenty (20) days to cure the two defects in his original request for IFP status by submitting both (a) a new IFP application that would include the requisite certified trust account information, <u>and</u> (b) the initial partial filing fee prescribed by § 1915(b)(1). The order expressly advised Plaintiff that his case would be subject to summary dismissal, unless he complied with <u>both</u> of those requirements within the time allowed.[1]

The deadline for satisfying the requirements of the Court's prior order has now expired. On March 27, 2006, Plaintiff filed the Amended IFP Application that is now before the Court, (Docket No. 5), and that application does include the trust account information required by § 1915(a)(2). To date, however, Plaintiff has not satisfied the second requirement of the Court's prior order, as he has not tendered the initial partial filing fee prescribed by § 1915(b)(1). Plaintiff has not offered any explanation for his failure to pay the fee as required both by statute, and by this Court's prior order.[2] Thus, the Court finds that Plaintiff has failed to comply with both of the requirements set forth in the prior order

---

[1] The Court's prior order stated: "Plaintiff will be required to submit <u>both</u> his amended IFP application, <u>and</u> his initial partial filing fee, within twenty (20) days after the date of this order. If he fails to do so, it will be recommended that the action be dismissed without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b)." (Order dated March 13, 2006, [Docket No. 3], pp. 3-4, [emphasis in the original order].)

[2] According to the trust account information appearing on Plaintiff's Amended IFP application, the amount of the average monthly deposits to his prison trust account during the past six months was $94.30, while the average monthly balance during the same period was $29.67. The initial partial filing fee required by § 1915(b)(1) is twenty percent (20%) of the greater of those two amounts. Therefore, the initial partial filing fee that Plaintiff should have paid in this case is $18.86, ($94.30 x 20% = $18.86).

within the time allowed.

Based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with both of the requirements of the prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Finally, the Court notes that Plaintiff's initial submissions in this case included a self-styled motion entitled "Motion For Leave (To File An Appendix Of Exhibits)." (Docket No. 3.) That motion was accompanied by a collection of documents that were filed by the Clerk. Based on the Court's determination that this action should be summarily dismissed for the reasons discussed above, (and given that the Clerk has already filed the materials that Plaintiff apparently was seeking leave to file), Plaintiff's "Motion For Leave" should be denied as moot.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

    1. Plaintiff's Amended Application to Proceed Without Prepayment of Fees, (Docket No. 5), be **DENIED**;

    2. Plaintiff's "Motion For Leave (To File An Appendix Of Exhibits)," (Docket No. 3), be **DENIED AS MOOT**; and

    3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: April 26, 2006

                                    s/ Susan Richard Nelson
                                    SUSAN RICHARD NELSON
                                    United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 11, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.