UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Franklin Lee Harris,

        Plaintiff,                              **MEMORANDUM OPINION AND ORDER**

v.                                            Civ. No. 06-1006 ADM/SRN

Carol Holinka, Warden;
Michael K. Nalley, Regional Director;
Harley G. Lappin, Director,
Federal Bureau of Prisons; and
Harrell Watts, Administrator,
National Inmate Appeals,

        Defendants.

___

Franklin Lee Harris, *pro se*.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Plaintiff Franklin L. Harris' ("Plaintiff") Objections [Docket No. 7] to Magistrate Judge Susan R. Nelson's Report and Recommendation ("R&R") [Docket No. 6] of April 26, 2006. The R&R recommends that Plaintiff's Amended Application to Proceed Without Prepayment of Fees ("IFP application") [Docket No. 5], be denied, and that this action be summarily dismissed without prejudice. For the reasons set forth below, the R&R is rejected as moot and Plaintiff's case is allowed to proceed for "screening" pursuant to 28 U.S.C. § 1915A. Plaintiff's Objections are also moot in light of his compliance with the March 13, 2006 Order. Order [Docket No. 4]. The procedural and factual background, as described in the R&R, is incorporated by reference for review of Plaintiff's present Objections.

## II. DISCUSSION

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," Id.

Plaintiff's original IFP application [Docket No. 2] was incomplete because it did not include the certified trust account information required by § 1915(a)(2) or the initial partial filing fee required by § 1915(b)(1).  Plaintiff was alerted to these omissions by Magistrate Judge Nelson's Order of March 13, 2006.  Order [Docket No. 4].  Magistrate Judge Nelson explicitly stated she would recommend that Plaintiff's Complaint be dismissed unless Plaintiff submitted within twenty days both (1) a new IFP application including the required certified trust account information, and (2) the initial partial filing fee.  Id. at 3-4.  Plaintiff submitted an amended IFP application on March 27, 2006, but again failed to submit the initial partial filing fee required by § 1915(b)(1) within the twenty day period set by the court.  As a result, Magistrate Judge Nelson issued her R&R, recommending dismissal of Plaintiff's Complaint.  R&R at 4.

Plaintiff objects that Magistrate Judge Nelson abused her discretion in dismissing his Complaint for his failure to comply with the court's order of March 13, 2006.  Objections at ¶ 2. Plaintiff argues that he interpreted 28 U.S.C. § 1915(b)(1) to suggest that the court would arrange for an automatic transfer of funds and that he refrained from paying the initial filing fee in the amount of $18.86 based on this misunderstanding.  Id. at ¶¶ 3-4. Additionally, Plaintiff claims that even if he had attempted to pay the filing fee, a treasury check request through the

normal inmate-to-staff protocol could not have been processed and mailed to the court within the twenty day time period. Id. Plaintiff requests that he be allowed to re-file his Complaint.

On May 8, 2006, subsequent to the issuance of the R&R, the Court received $18.86 from Plaintiff as an initial filing fee. Receipt [Docket No. 8]. As a result, Plaintiff has now filed a complete and proper IFP application and has paid the required initial filing fee. Magistrate Judge Nelson appropriately recommended dismissal of Plaintiff's Complaint when Plaintiff failed to comply with court imposed deadlines. Fed. R. Civ. P. 41(b); see also In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (failure to comply with § 1915(a)(2) submission of financial information or § 1915(b)(1) initial partial filing fee "may result in dismissal of a prisoner's action"). While court imposed deadlines have an objective and must be adhered to, the Court will afford Plaintiff the latitude of allowing his case to proceed now that the filing fee has been paid. In the future, Plaintiff is forewarned that Court orders and deadlines require strict compliance.

In her R&R, Magistrate Judge Nelson also recommends that Plaintiff's Motion for Leave (To File An Appendix Of Exhibits) [Docket No. 3] be denied as moot. Because Plaintiff's case will now proceed, Plaintiff's Motion is no longer moot and will be addressed when Plaintiff's Complaint is "screened" pursuant to 28 U.S.C. § 1915A to determine whether he has pleaded a claim upon which relief can be granted.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 6] is **REJECTED AS MOOT** because Plaintiff has paid

    the initial filing fee;

2.     Plaintiff's Objections [Docket No. 7] are also **REJECTED AS MOOT** in light of his compliance with the March 13, 2006 Order; and

3.     Plaintiff's Amended Application to Proceed Without Prepayment of Fees [Docket No. 5] is **GRANTED**.

    BY THE COURT:


    s/Ann D. Montgomery
    ANN D. MONTGOMERY
    U.S. DISTRICT JUDGE

Dated:  June 1, 2006.