UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| **Franklin Lee Harris,** | **Civil No. 06-1006 (ADM/SRN)** |
| **Plaintiff,** | |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| **Carol Holinka, Warden; Michael K. Nalley, Regional Director; Harley G. Lappin, Director of the Federal Bureau of Prisons; and Harrell Watts, Administrator of National Inmate Appeals,** | |
| **Defendants.** | |

_____

Franklin Lee Harris, <u>pro se</u>, FCI-Milan, P.O. Box 1000, Milan, Michigan 48160

Lonnie F. Bryan, Esq., Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Defendants.

_____

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter comes before the undersigned United States Magistrate Judge on Defendants' Motion to Dismiss or for Summary Judgment (Doc. No. 45). This case has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the motion be granted and Plaintiff's retaliation claim be dismissed without prejudice.

**I.    BACKGROUND**

Plaintiff Franklin Lee Harris is presently incarcerated at the Federal Correctional Institute (FCI) in Milan, Michigan. He was previously incarcerated at the FCI in Waseca, Minnesota. Defendants are various prison officials, including the Warden at FCI-Waseca, Carol Holinka.

Plaintiff filed this action on March 9, 2006, asserting a violation of 5 U.S.C. § 552a ("Privacy Act"). He alleged that Defendants used false information to determine his prison custody classification, which in turn disqualified him from placement in a minimum security facility. According to Plaintiff, the presentence report (PSR) generated in his criminal case contained a false incident of aberrant sexual conduct, and the Bureau of Prisons (BOP) relied on the PSR in assigning a public safety factor (PSF) of "sex offender" to Plaintiff's custody classification. The PSF foreclosed Plaintiff's eligibility for placement in a minimum security facility. (Id.)

Defendants moved to dismiss the complaint for lack of jurisdiction, arguing that no actual case or controversy existed because the BOP removed the PSF after Plaintiff filed suit. Plaintiff conceded that the PSF had been removed, but he opposed the motion to dismiss and moved to file a supplemental pleading to allege a claim for retaliation. This Court recommended that the Privacy Act claim be dismissed for lack of jurisdiction and permitted Plaintiff to file a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d). Plaintiff filed the supplemental pleading on July 5, 2007, but erroneously labeled it an "amended complaint." Shortly thereafter, the District Court dismissed the Privacy Act claim.

Defendants then moved for a more definite statement of the retaliation claim. The Court granted the motion and instructed Plaintiff to file a more definite statement of his claim, specifically setting forth the constitutional rights he exercised, the actions taken in retaliation of those rights, and the Defendant who took each action. The Court also noted that due to the atypical nature of the initial proceedings in this case, three documents would ultimately comprise Plaintiff's pleading: the original complaint, the supplemental pleading, and the more definite

statement.[1]  Plaintiff filed a more definite statement of his retaliation claim on October 22, 2007.

Viewing Plaintiff's pleadings in combination, he alleges that Defendant Holinka notified him in August 2006 that the sex offender PSF had been removed from his record and that he had been re-classified as qualifying for a minimum security facility.  In September 2006, however, Defendant Holinka re-scored Plaintiff's custody level as "medium," pursuant to a newly implemented classification policy.  Plaintiff contends that this action was taken in retaliation for this litigation.[2]

Defendants subsequently brought the instant motion to dismiss or for summary judgment.  They move to dismiss the case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), or pursuant to 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust his retaliation claim.  In the alternative, Defendants seek summary judgment under Federal Rule of Civil Procedure 56.  Plaintiff did not respond to the motion, despite an order by this Court on November 26, 2007, that he do so.

**II.    DISCUSSION**

Defendants first ask the Court to dismiss this case pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff did not allege in his pleadings that he exhausted his administrative remedies before filing suit.  Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

---

[1] These documents are Docket Nos. 1, 36, and 44.

[2] Because Plaintiff is suing federal officials who acted in their individual capacities, his retaliation claim is brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Administrative exhaustion under the PLRA is an affirmative defense, which means that the defendant has the burden to plead and prove the plaintiff's failure to exhaust. Nixon v. Sanders, 243 F. App'x 197, 199 (8th Cir. 2007) (citing Jones v. Bock, 127 S. Ct. 910, 919-22 (2007)); Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001). A plaintiff is not required to plead exhaustion in his complaint, Jones, 127 S. Ct. at 919, and the PLRA does not impose a jurisdictional requirement, Chelette v. Harris, 229 F.3d 684, 687 (8th Cir. 2000). Consequently, it would be inappropriate to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1). See Lenz v. Wade, 490 F.3d 991, 993 n.2 (8th Cir. 2007) ("Under the [PLRA], failure to exhaust the available administrative remedies is . . . not a matter of subject matter jurisdiction.").

Defendants also seek dismissal of the retaliation claim under the PLRA itself. They have submitted a declaration from Ann Norenberg, a paralegal with the Bureau of Prisons (BOP), who avers that Plaintiff did not file any administrative complaints or grievances with respect to his claim that his custody level was re-scored in retaliation for bringing this case. It is well-established that a prisoner must exhaust his administrative remedies before filing a Bivens action for retaliation. See Cordoba v. Morrison, 155 F. App'x 933, 934 (8th Cir. 2005). Based on the unrebutted proof that Plaintiff failed to exhaust his administrative remedies with respect to his retaliation claim, the claim should be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a). See Frazier v. Winfield, No. 06-2488, 2007 WL 3104399, at *1 (8th Cir. Oct. 25, 2007).

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss or for Summary Judgment (Doc. No. 45) be **GRANTED**; and

2. Plaintiff's retaliation claim be **DISMISSED WITHOUT PREJUDICE**.


Dated: March 3, 2008

      s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 18, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.